# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ARMSTRONG, | Case No. 1:14-cv-00018 DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | |
| COMMISSIONER FIGUEROA, et al., | |
| Defendants. | |

Plaintiff Jack Armstrong ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 6, 2014.[1]

On January 21, 2015, the Court screened Plaintiff's complaint and determined that Plaintiff stated a cognizable Eighth Amendment claim against Defendants Beshwate, Patton, and Hansen only, and required Plaintiff to file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claim within thirty days. On January 28, 2015, the order was returned by the United States Postal Service as undeliverable and unable to forward.

Plaintiff is required to keep the Court apprised of his current address at all times, and Local Rule 183(b) provides, "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 15, 2014.

1 prejudice for failure to prosecute." Federal Rule of Civil Procedure 41(b) also provides for
2 dismissal of an action for failure to prosecute.[2]

3       Plaintiff's address change was due by April 6, 2015, but he failed to file one and he has not
4 otherwise been in contact with the Court. Fed. R. Civ. P. 6(d); Local Rule 183(b). "In
5 determining whether to dismiss an action for lack of prosecution, the district court is required to
6 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
7 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
8 favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."
9 Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation
10 omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re
11 Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006).
12 These factors guide a court in deciding what to do, and are not conditions that must be met in
13 order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

14       The expeditious resolution of litigation and the Court's need to manage its docket weigh in
15 favor of dismissal. Id. at 1227. This case has been pending since January 6, 2014. Further, an
16 opposing party is necessarily prejudiced by the aging of a case left to idle indefinitely as a result of
17 the plaintiff's disinterest in either moving forward or taking action to dismiss the case. Id.

18       With respect to the fourth factor, "public policy favoring disposition of cases on their
19 merits strongly counsels against dismissal," but "this factor lends little support to a party whose
20 responsibility it is to move a case toward disposition on the merits but whose conduct impedes
21 progress in that direction." Id. at 1228.

22       Finally, given the Court's inability to communicate with Plaintiff, there are no other
23 reasonable alternatives available to address Plaintiff's failure to prosecute. In re PPA, 460 F.3d at
24 1228-29; Carey, 856 F.2d at 1441.

25       Accordingly, the Court HEREBY DISMISSES this action, without prejudice, based on
26 Plaintiff's failure to prosecute by keeping the Court apprised of his current address. Fed. R. Civ.

27

28 [2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. Hells Canyon Preservation Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

1  P. 41(b); Local Rule 183(b).

3  IT IS SO ORDERED.

4  Dated: **April 22, 2015**                             /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE

3