# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ARMSTRONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER FIGUEROA, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00018 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 13] |

Plaintiff Jack Armstrong ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 6, 2014.[1]

On January 21, 2015, the Court screened Plaintiff's complaint and determined that Plaintiff stated a cognizable Eighth Amendment claim against Defendants Beshwate, Patton, and Hansen only, and required Plaintiff to file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claim within thirty days. On January 28, 2015, the order was returned by the United States Postal Service as undeliverable and unable to forward.

On April 22, 2015, pursuant to Local Rule 183(b) and Fed. R. Civ. P. 41(b), the Court issued an order dismissing the action without prejudice for failure to keep the Court apprised of his address at all times. Judgment was entered on the same date. On April 27, 2015, the order and judgment

---

[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on January 15, 2014.

1

were returned by the U.S. Postal Service as undeliverable.

On August 7, 2015, Plaintiff filed the instant motion for reconsideration.

## DISCUSSION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff requests that the Court reconsider the order dismissing the action because he was unaware of the orders issued by the Court. The specifics of Plaintiff's explanation are unclear. He blames the return of mail on certain P.O Boxes assigned by the institution. As best can be

determined from the motion, it appears that Plaintiff moved within the institution but failed to update his address to reflect the new building where he was being housed.  He states he only became aware of the dismissal on June 20, 2015, when his wife informed him the action had been dismissed during her own search of the case.  Plaintiff provides no other explanation for failing to keep the Court apprised of his current address.  The Court does not find good cause to reconsider the order dismissing the case without prejudice. Pursuant to Local Rule 183(b), it is incumbent upon Plaintiff to keep the Court apprised of his current address at all times.  Here, Plaintiff failed to act diligently by failing to monitor his case over a period of several months, instead leaving that task to his wife.  Even after Plaintiff was advised by his wife that his case had been dismissed, Plaintiff delayed over a month in seeking relief for the dismissal.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **August 18, 2015**             /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE